# Exhibit M
## Declaration of David Donoghue
## Dated March 23, 2009

*Faulkner et al. v. Arista Records, LLC*
*07-cv-02318 (LAP/AJP)*

Christelette A. Hoey
Joshua C. Krumholz (*pro hac vice*)
R. David Donoghue (*pro hac vice*)
J. Mitchell Herbert, Jr. (*pro hac vice*)
HOLLAND & KNIGHT LLP
31 West 52nd Street, 12th Floor
New York, NY 10019-6123
(212) 513-3200

Attorneys for Plaintiffs Eric Faulkner,
Duncan Faure, Alan Longmuir, Derek Longmuir,
Leslie McKeown, and Stuart Wood

| | |
|---|---|
| ERIC FAULKNER, DUNCAN FAURE, ALAN LONGMUIR, DEREK LONGMUIR, LESLIE MCKEOWN and STUART WOOD,<br><br>                 Plaintiffs,<br><br>   -against-<br><br>ARISTA RECORDS LLC,<br><br>                 Defendant. | 07 CV 2318 (LAP) (AJP) |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF THE
PLAINTIFFS' MOTION *IN LIMINE* NO. 7 RE THE
ADMISSIBILITY OF TRANSCRIPTS OF AN INTERVIEW
<u>CONDUCTED OF THE DEFENDANT BY A THIRD PARTY</u>**

**<u>SUMMARY OF ARGUMENT</u>**

Instead of addressing the Plaintiffs' arguments regarding Mr. Gawley's statements to Ms. Preston, the Defendant provides a detailed analysis of a point that the Plaintiffs concede: Mr. Gawley's oral statements to Ms. Preston, as memorialized in the Transcripts, are not an acknowledgement pursuant to Section 17-101. Those statements, however, made contemporaneously with his written acknowledgement are important evidence of the expression of the Defendant's intent to pay the debt it owes the Plaintiffs, and for that reason are admissible.

Notably, the Defendant makes no effort to support its wholly inappropriate conduct at the deposition of Mr. Gawley, conduct that has severely prejudiced the Plaintiffs. The only cure for that prejudice is to admit the statements attributed to Mr. Gawley, and to deny the Defendant the opportunity to claim that the statements are not properly attributable to him.

**ARGUMENT**

As stated in the Plaintiffs' opening brief, the statements by Mr. Gawley in the Transcripts, "while not written acknowledgements themselves, bear on the Defendant's intent with regard to contemporaneous written acknowledgements." Plf.'s Mem. of Law in Supp. of Plf's Mot. *in Limine* No. 7, Docket No. 87 at 4 [FILED UNDER SEAL]. Ignoring that unambiguous statement, the Defendant embarks upon an analysis regarding how those statements fail to satisfy Section 17-101.[1]

**I. THE TRANSCRIPTS ARE IMPORTANT AND ADMISSIBLE EVIDENCE OF THE DEFENDANT'S INTENT REGARDING ITS ACKNOWLEDGEMENTS**

The Defendant's attempt to argue that Mr. Gawley's statements are irrelevant is premised upon the incorrect application of law. The Defendant argues that the statements "are irrelevant for the additional reason that they were neither communicated to, nor intended to influence the conduct of, any of the Plaintiffs." Def's Mem. of Law in Opp. to Plf's Mot. in Limine Nos. 7 & 10, Docket No. 103 at 7. Even if that were the requirement for an acknowledgement, which it is not,[2] the Plaintiffs do not seek to admit Mr. Gawley's oral statements as acknowledgements. Rather, his statements are evidence tending to prove the expression of the Defendant's intent in other acknowledgements, including a contemporaneous acknowledgement made by the same Mr. Gawley.

---

[1] To be clear, he Plaintiffs are not seeking to admit all of the Transcripts, and certainly not Ms. Preston's documentary. The Plaintiffs merely seek to admit the statements in the Transcript that are attributed to Mr. Gawley.

[2] This issue is the subject of the Plaintiffs' Motion in Limine No. 10, Docket No. XX, and the reasons that an acknowledgement need not be sent to the Plaintiffs are set forth in those papers.

2

Such evidence is highly material to the issues in this case. *Clarkson Co. v. Shaheen*, 533 F. Supp. 905, 932 (S.D.N.Y.1982) ("Whether a purported acknowledgment is sufficient to revive a debt obviously depends on the circumstances of each case."); *In re Meyrowitz' Estate*, 114 N.Y.S.2d 541, 546 (Surr.Ct.N.Y.Co.1952), *aff'd*, 284 A.D. 801, 132 N.Y.S.2d 327 (1st Dep't), *appeal denied*, 284 A.D. 844, 134 N.Y.S.2d 587 (1954) (acknowledgment depends on circumstances of each case; in determining its effectiveness "there is no occasion for resorting to any subtle or refined distinctions contrary to ordinary business understanding and rules of common sense.").

## II. THE DEFENDANT DOES NOT TRY TO DEFEND ITS DISCOVERY MISCONDUCT

The Defendant fails to defend its own misconduct during the deposition of Mr. Gawley, the individual that made the statements on behalf of the Defendant. As set forth in the Plaintiffs' opening memorandum, at Mr. Gawley's deposition, the Plaintiffs' counsel sought to inquire about Mr. Gawley's statements in the Transcripts. The Defendant's counsel flatly refused, despite the Plaintiffs' warnings that they would seek the very instructions requested in this motion *in limine*. Faced with the promised motion, the Defendant still fails to defend its conduct, likely because its conduct is indefensible.

The Defendant offers no support, for instance, for the argument it advanced during Mr. Gawley's deposition that the Transcripts were "obtained in violation of the privacy laws." Gawley Dep. Tr. at 87, Pls.' Mot. *in Limine* No. 7, Docket No. 87 at Ex. C. Similarly, the Defendant makes no effort to rebut the Plaintiffs' legal analysis of why the Transcripts were not illegally obtained and would be admissible evidence, even if they had been. Instead, the Defendant points to the only "violation" it could identify, the "parties' express agreement." Def.'s Mem. of Law in Opp. to Plf's Mot. *in Limine* Nos. 7 & 10, Docket No. 103 at 9.

3

Most noticeably, the Defendant fails to address the Northern District of New York's holding – where that Court followed *the Defendant's* own position:

> "Even if the information was illegally obtained, this does not necessarily foretell its inadmissibility during a civil trial. Other than an errant citation to a United States Supreme Court case, the Doe Defendants do not proffer any other precedent to uphold this notion that illegally obtained evidence is somehow excluded from a civil trial, and this Court has been unable to unearth any case to confirm this novel concept."

*Arista Records LLC v. Does 1-16*, 2009 WL 414050 (N.D.N.Y. 2009) at *7 (emphasis added).

The New York federal courts – and the Defendant – recognize that even illegally obtained information is admissible in a civil trial. In view of the fact that the Transcripts were not illegally obtained, but simply recorded against the Defendant's request, there can be no doubt that they should be allowed at trial and that the Defendant had no good faith basis for the position that it took at the deposition of Mr. Gawley.

Lastly, the Defendants ignore the fact that the Plaintiffs do not seek to introduce the entirety of the Transcripts. As a party admission pursuant to Fed. R. Evid. 801(d)(2), the Plaintiffs only seek to introduce the statements made by Mr. Gawley, who was then the head of the Defendant's legal department. The Defendant's footnote suggests that "prejudice cannot be mitigated by excluding the portions of the transcripts containing Ms. Preston's statements because any such exclusion would alter the meaning of the statements purportedly attributed to Mr. Gawley by omitting the context in which they allegedly were made." Def.'s Mem. of Law in Opp. to Plf's Mot. *in Limine* Nos. 7 & 10, Docket No. 103 at n.5. While the Defendant offers no evidence of this prejudice, the decision whether to introduce more of the Transcripts is, in part, the Defendant's. It may feel it necessary to include other language from the Transcript, and the Plaintiffs would consider such a request. The Defendant's position, however, fails to recognize the significant prejudice that the Defendant caused by wrongly refusing to allow Mr. Gawley to

4

testify regarding his own statements. Gawley Dep. Tr. at 86-88, Pls.' Mot. *in Limine* No. 7, Docket No. 87 at Ex. C,

Only one ruling can mitigate that prejudice. The Plaintiffs therefore ask this Court to allow the statements attributed to Mr. Gawley in the Transcripts to be offered into evidence, and that Mr. Gawley not be permitted to deny attribution of those statements to him. The statements contained therein bear directly upon whether the Defendant expressed an intention to acknowledge the Plaintiffs' debt in writing within six years of the filing of this lawsuit. *See* Fed. R. Evid. 401; N.Y. Gen. Oblig. Law § 17-101.

## **CONCLUSION**

For the reasons stated above, the Plaintiffs respectfully request that this Court grant this motion *in limine* and permit the Plaintiffs to offer Mr. Gawley's statements in the Transcripts into evidence, and enter an Order stating that neither the Defendant nor Mr. Gawley may deny the authenticity of the statements or their attribution to Mr. Gawley.

Dated: February 16, 2010

Respectfully Submitted,
HOLLAND & KNIGHT LLP

By: /s/ Christelette A. Hoey
    Christelette A. Hoey
    31 West 52nd Street, 12th Floor
    New York, NY 10019
    Telephone: (212) 513-3200
    Facsimile: (212) 385-9010
    Email: christelette.hoey@hklaw.com

    Joshua C. Krumholz (*pro hac vice*)
    J. Mitchell Herbert, Jr. (*pro hac vice*)
    10 St. James Avenue, 11th Floor
    Boston, MA 02116
    Telephone: (617) 573-5820
    Facsimile: (617) 523-6850
    Email: joshua.krumholz@hklaw.com
    Email: mitchell.herbert@hklaw.com

R. David Donoghue (*pro hac vice*)
131 South Dearborn Street, 30th Floor
Chicago, IL 60603
Telephone: (312) 578-6553
Facsimile: (312) 578-6666
Email: david.donoghue@hklaw.com

# 9168638_v2