# Exhibit N
## Declaration of David Donoghue
## Dated March 23, 2009

### *Faulkner et al. v. Arista Records, LLC*
### *07-cv-02318 (LAP/AJP)*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

ERIC FAULKNER, DUNCAN FAURE,
ALAN LONGMUIR, DEREK LONGMUIR,
LESLIE MCKEOWN and STUART WOOD,

      Plaintiffs,

      -against-

ARISTA RECORDS LLC,

      Defendant.

Civil Action No. 07 CV 2318 (LAP/AJP)
ECF Case

## DEFENDANT ARISTA RECORD LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST REQUESTS FOR ADMISSIONS

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure (the "Federal Rules") and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules"), defendant Arista Records LLC ("Arista"), by its attorneys, Manatt, Phelps & Phillips, LLP, hereby sets forth its objections and responses to Plaintiffs' First Requests for Admissions to Defendant Arista Records LLC, dated October 15, 2009 (the "Requests").[1]

## GENERAL OBJECTIONS

These objections are made to each of the Requests and are incorporated by reference into each of the responses to the Requests below.

1.    Arista reserves its rights to seek relief from the Court at a later date in response to the Requests, the scope and volume of which violate the letter and spirit of the Court's directions at the parties' July 15, 2009 conference.

---

[1] As used herein, "Plaintiffs" means Eric Faulkner, Duncan Faure, Alan Longmuir, Derek Longmuir, Leslie McKeown and Stuart Wood.

2.      Arista objects to each of the Requests on the grounds and to the extent that they purport to require it to admit or deny matters that are protected from disclosure by the attorney-client privilege, common interest privilege, joint interest privilege, work-product doctrine and/or any other applicable privilege or protection from discovery.  Arista will not undertake to admit or deny any such matters, and nothing herein is intended as, or shall be deemed, a waiver of the attorney-client privilege, work-product doctrine and/or any other applicable privilege.  Any admission or denial of any such matter is inadvertent and shall not constitute a waiver of any privilege or protection.

3.      Arista objects to each of the Requests on the grounds and to the extent that they purport to require it to admit or deny matters that are not relevant and/or not likely to lead to the discovery of admissible evidence, including, but not limited to, matters that are not relevant and/or not likely to lead to the discovery of admissible evidence concerning the issue of whether New York General Obligations Law § 17-101 ("GOL 17-101") applies to Plaintiffs' purported breach of contract claim.

4.      Arista objects to each of the Requests on the grounds and to the extent that they seek discovery in a manner that is vague, ambiguous, unintelligible, uncertain, overly broad, duplicative, unreasonably burdensome, vexatious, oppressive, harassing and/or not properly limited as to time period or scope.

5.      Arista objects to each of the Requests on the grounds and to the extent they do not specify the information sought with reasonable particularity.

6.      Arista objects to each of the Requests on the grounds and to the extent that they purport to impose obligations on Arista beyond those imposed or permitted by the Federal Rules or the Local Rules.

7.      Arista objects to each of the Requests insofar as they seek disclosure of information already known or available to Plaintiffs or information that is publicly available or in Plaintiffs' possession, custody or control.

8.      Arista objects to the Requests to the extent they are not reasonably limited as to time and/or purport to require Arista to admit or deny matters prior to March 20, 1998.

9.      Arista expressly reserves its rights to amend and/or supplement its objections and responses to the Requests as further information and documents become known or available to it.

10.     Arista objects to each of the "Instructions" and "Definitions" in the Requests on the same grounds set forth in the foregoing General Objections.  In addition, Arista objects to Definitions Nos. 3, 5, 6, 7, 8, 11 and 13 and the Instructions on the grounds and to they extent they are vague and ambiguous, overly broad and unduly burdensome, purport to impose obligations on Arista beyond those imposed or permitted by the Federal Rules or the Local Rules, and/or purport to require Arista to admit or deny matters that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence at this time.

11.     Arista hereby specifically incorporates each of the foregoing General Objections into each and every response to the Requests.  Each of the following specific responses is subject to and without waiver of these General Objections.

## RESPONSES TO REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:**

Admit that the document annexed hereto at Exhibit 1 is an authentic copy of the July 1, 1975 Agreement ("1975 Agreement") identified in paragraph 49 of the FAC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Subject to and without waiving the general objections set forth above, Arista responds to

this Request as follows: Denied, excepted admitted that the pages stamped BCRR027809

through BCRR027831 annexed to the Requests as Exhibit 1 are a true and correct copy of the

agreement dated July 1, 1975 between Arista Records, Inc. and A.L.K. Enterprises, Inc. ("ALK")

that may also contain additional markings and/or obscure portions of the agreement.

**REQUEST FOR ADMISSION NO. 2:**

Admit that the document annexed hereto at Exhibit 2 is an authentic copy of the March 5,

1981 Agreement ("1981 Agreement") identified in paragraph 62 of the FAC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Subject to and without waiving the general objections set forth above, Arista responds as

follows: Denied, except admitted that pages stamped BCRR024122 through BCRR024130

annexed to the Requests in Exhibit 2 comprise a true and correct copy of the agreement dated

March 5, 1981 between Arista Records, Inc. ("ARI"), on the one hand, and Plaintiffs, Deals

Music Management Int. Ltd., Bay City Music Limited, Derek Longmuir Limited, Alan

Longmuir Limited, Eric Faulkner Limited, Stuart Wood Limited, Leslie McKeown Limited and

Deals Music Management (Overseas) Limited, on the other hand (collectively the "BCR

Parties"), and Exhibit A thereto ("1981 ARI-BCR Agreement").

**REQUEST FOR ADMISSION NO. 3:**

Admit that, pursuant to Clause 1 of the 1981 Agreement, and as of February 28, 1979, the

Rollers assumed all of ALK's claims, rights, benefits, duties and obligations arising from or

attributable to the 1975 Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

In addition to its general objections, Arista specifically objects to this Request on the

grounds that it is vague and ambiguous, and purports to require a legal conclusion. Subject to

and without waiving the specific and general objections set forth above, Arista responds as

follows: Denied, except admitted that paragraph 1 of the 1981 ARI-BCR Agreement states that,

"as of February 28, 1979," the BCR Parties "have assumed all of ALK's claims, rights, benefits,

duties and obligations arising from or attributable to the [agreement dated as of July 1, 1975

between ARI, on the one hand, and ALK, on the other hand]."

**REQUEST FOR ADMISSION NO. 4:**

Admit that the document annexed hereto at Exhibit 3 is an authentic copy of the

November 1, 2001 letter from Glenn Delgado to Mark St. John identified in paragraph 89 of the

FAC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Subject to and without waiving the general objections set forth above, Arista responds to

this Request as follows: Denied, except admitted that the pages stamped BCRR029725 through

BCRR029727 annexed to the Requests in Exhibit 3 are a true and correct copy of the first three

pages of a letter dated November 1, 2001 from Glenn Delgado to Mark St. John. Exhibit 3 of the

Requests is missing the attachment to that letter, which is referenced on the page stamped

BCRR029725.

**REQUEST FOR ADMISSION NO. 5:**

Admit that the document annexed hereto at Exhibit 4 is an authentic copy of the January

9, 2002 letter from Glenn Delgado to Mark St. John identified in paragraph 90 of the FAC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Subject to and without waiving the general objections set forth above, Arista responds to

this Request as follows: Denied, except admitted that the page stamped BCRR029764 annexed

to the Requests in Exhibit 4 is a true and correct copy of a letter dated January 9, 2002 from

Glenn Delgado to Mark St. John.

**REQUEST FOR ADMISSION NO. 6:**

Admit that the document annexed hereto at Exhibit 5 is an authentic copy of the April 6, 2004 email from Steve Gawley to Jane Preston and Clive Rich identified in paragraphs 91 through 95 of the FAC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Subject to and without waiving the general objections set forth above, Arista responds to this Request as follows: Denied. The page stamped BCRR031702 annexed to the Requests in Exhibit 5 does not reflect the copyees on the email dated June 4, 2004 from Steve Gawley to Clive Rich and Jane Preston.

**REQUEST FOR ADMISSION NO. 7:**

Admit that the document annexed hereto at Exhibit 6 is an authentic copy of the undated letter that the Rollers sent to Arista on August 15, 2007.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Subject to and without waiving the foregoing general objections set forth above, Arista responds to this Request as follows: Denied, except admitted that the two-page document annexed to the Requests in Exhibit 6 is a true and correct copy of a document sent by Joshua C. Krumholz, Esq. to Robert A. Jacobs, Esq. with a transmittal letter dated August 16, 2007.

**REQUEST FOR ADMISSION NO. 8:**

Admit that Exhibit 6 met any and all requirements for notification pursuant to the 1975 Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

In addition to its general objections, Arista specifically objects to this Request on the

grounds that it is vague, ambiguous and unintelligible. For these reasons alone, Arista is unable to admit or deny this Request. Arista also specifically objects to this Request on the grounds that it purports to require a legal conclusion and is neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim.

**REQUEST FOR ADMISSION NO. 9:**

Admit that Exhibit 6 met any and all requirements for notification pursuant to the 1981 Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vague, ambiguous and unintelligible. For these reasons alone, Arista is unable to admit or deny this Request. Arista also specifically objects to this Request on the grounds that it purports to require a legal conclusion and is neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim.

**REQUEST FOR ADMISSION NO. 10:**

Admit that You received the document annexed hereto at Exhibit 7.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that (1) concern a time period that is earlier than March 20, 1998 and (2) are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to

Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or deny this Request at this time and reserves any and all further objections it may have to the Request.

**REQUEST FOR ADMISSION NO. 11:**

Admit that You have maintained a reserve account, at any time after execution of the 1981 Agreement, related to royalties withheld on behalf of the Rollers.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that (1) concern a time period that is earlier than March 20, 1998 and (2) are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim. Arista also specifically objects to this Request on the grounds and to the extent that it (1) purports to require it to admit or deny matters that are protected from disclosure by the attorney-client privilege and/or attorney work-product doctrine and (2) is overly broad, unduly burdensome and oppressive in that it purports to require Arista to investigate and admit or deny matters spanning a 28-year period. Arista further specifically objects to this Request on the grounds that it is vague and ambiguous in that the terms "reserve account . . . related to royalties withheld on behalf of the Rollers" are undefined and susceptible of multiple interpretations.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, pursuant to Your unqualified denial of the allegations embodied by Paragraph 75 of the FAC, Arista did not purport to send a royalty statement to the Rollers in 1993.

-8-

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that (1) concern a time period that is earlier than March 20, 1998 and (2) are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or deny this Request at this time and reserves any and all further objections it may have to the Request. Arista further specifically objects to this Request on the grounds that it is vague, ambiguous and unintelligible in that, among other things, it mischaracterizes the allegations embodied in paragraph 75 of the FAC and Arista's response thereto.

**REQUEST FOR ADMISSION NO. 13:**

Admit that, pursuant to Your unqualified denial of the allegations embodied by Paragraph 76 of the FAC, Arista did not purport to send royalty statements in 1996 and 1997.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that concern a time period that is earlier than March 20, 1998. Arista, therefore, has no obligation to admit or deny this Request at this time. Arista further specifically objects to this Request on the grounds that it is vague, ambiguous and unintelligible in that, among other things, it mischaracterizes the allegations embodied in paragraph 76 of the FAC and Arista's response thereto. Subject to and without waiving the specific objections and general objections set forth above, Arista responds as

follows: Denied.

**REQUEST FOR ADMISSION NO. 14:**

Admit that, pursuant to Your unqualified denial of the allegations embodied by Paragraph 77 of the FAC, Arista did not provide regular royalty statements from approximately 2004 to March 20, 2007.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or deny this Request at this time. Arista further specifically objects to this Request on the grounds that it is vague, ambiguous and unintelligible in that, among other things, the terms "regular royalty statements" are undefined and susceptible of multiple interpretations and the Request mischaracterizes the allegations embodied in paragraph 77 of the FAC and Arista's response thereto. Subject to and without waiving the foregoing specific objections and general objections set forth above, Arista responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 15:**

Admit that, by virtue of the 1981 Agreement, Clause 7 of the 1975 Agreement obligates You to provide the Rollers with accountings as to royalties payable ("Royalty Statements") on or before the first day of September for each period ending the preceding June 30th, and on or before the first day of March for each period ending the preceding December 31st.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or deny this Request at this time and reserves any and all further objections it may have to the Request. Arista further specifically objects to this Request on the ground that it purports to require a legal conclusion.

**REQUEST FOR ADMISSION NO. 16:**

Admit that You did not provide the Rollers with a Royalty Statement on or before September 1, 1981, for the period from January 1, 1981 to June 30, 1981.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that (1) concern a time period that is earlier than March 20, 1998 and (2) are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or deny this Request at this time and reserves any and all further objections it may have to the Request.

**REQUEST FOR ADMISSION NO. 17:**

Admit that You did not provide the Rollers with a Royalty Statement on or before March 1, 1982, for the period from July 1, 1981 to December 31, 1981.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that (1) concern a time period that is earlier than March 20, 1998 and (2) are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or deny this Request at this time and reserves any and all further objections it may have to the Request.

**REQUEST FOR ADMISSION NO. 18:**

Admit that You did not provide the Rollers with a Royalty Statement on or before September 1, 1982, for the period from January 1, 1982 to June 30, 1982.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that (1) concern a time period that is earlier than March 20, 1998 and (2) are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or deny this Request at this time and reserves any and all further objections it may have to the

Request.

**REQUEST FOR ADMISSION NO. 19:**

Admit that You did not provide the Rollers with a Royalty Statement on or before March 1, 1983, for the period from July 1, 1982 to December 31, 1982.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that (1) concern a time period that is earlier than March 20, 1998 and (2) are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or deny this Request at this time and reserves any and all further objections it may have to the Request.

**REQUEST FOR ADMISSION NO. 20:**

Admit that You did not provide the Rollers with a Royalty Statement on or before September 1, 1983, for the period from January 1, 1983 to June 30, 1983.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that (1) concern a time period that is earlier than March 20, 1998 and (2) are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or

deny this Request at this time and reserves any and all further objections it may have to the
Request.

**REQUEST FOR ADMISSION NO. 21:**

Admit that You did not provide the Rollers with a Royalty Statement on or before March
1, 1984, for the period from July 1, 1983 to December 31, 1983.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

In addition to its general objections, Arista specifically objects to this Request on the
grounds that it is vexatious and harassing and violates the Court's directions at the parties' July
15, 2009 conference in that it purports to require Arista to admit or deny matters that (1) concern
a time period that is earlier than March 20, 1998 and (2) are neither relevant to nor reasonably
calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to
Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or
deny this Request at this time and reserves any and all further objections it may have to the
Request.

**REQUEST FOR ADMISSION NO. 22:**

Admit that You did not provide the Rollers with a Royalty Statement on or before
September 1, 1984, for the period from January 1, 1984 to June 30, 1984.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

In addition to its general objections, Arista specifically objects to this Request on the
grounds that it is vexatious and harassing and violates the Court's directions at the parties' July
15, 2009 conference in that it purports to require Arista to admit or deny matters that (1) concern
a time period that is earlier than March 20, 1998 and (2) are neither relevant to nor reasonably
calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to

Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or

deny this Request at this time and reserves any and all further objections it may have to the

Request.

**REQUEST FOR ADMISSION NO. 23:**

Admit that You did not provide the Rollers with a Royalty Statement on or before March

1, 1985, for the period from July 1, 1984 to December 31, 1984.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

In addition to its general objections, Arista specifically objects to this Request on the

grounds that it is vexatious and harassing and violates the Court's directions at the parties' July

15, 2009 conference in that it purports to require Arista to admit or deny matters that (1) concern

a time period that is earlier than March 20, 1998 and (2) are neither relevant to nor reasonably

calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to

Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or

deny this Request at this time and reserves any and all further objections it may have to the

Request.

**REQUEST FOR ADMISSION NO. 24:**

Admit that You did not provide the Rollers with a Royalty Statement on or before

September 1, 1985, for the period from January 1, 1985 to June 30, 1985.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

In addition to its general objections, Arista specifically objects to this Request on the

grounds that it is vexatious and harassing and violates the Court's directions at the parties' July

15, 2009 conference in that it purports to require Arista to admit or deny matters that (1) concern

a time period that is earlier than March 20, 1998 and (2) are neither relevant to nor reasonably

calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to

Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or

deny this Request at this time and reserves any and all further objections it may have to the

Request.

**REQUEST FOR ADMISSION NO. 25:**

    Admit that You did not provide the Rollers with a Royalty Statement on or before March

1, 1986, for the period from July 1, 1985 to December 31, 1985.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

    In addition to its general objections, Arista specifically objects to this Request on the

grounds that it is vexatious and harassing and violates the Court's directions at the parties' July

15, 2009 conference in that it purports to require Arista to admit or deny matters that (1) concern

a time period that is earlier than March 20, 1998 and (2) are neither relevant to nor reasonably

calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to

Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or

deny this Request at this time and reserves any and all further objections it may have to the

Request.

**REQUEST FOR ADMISSION NO. 26:**

    Admit that You did not provide the Rollers with a Royalty Statement on or before

September 1, 1986, for the period from January 1, 1986 to June 30, 1986.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

    In addition to its general objections, Arista specifically objects to this Request on the

grounds that it is vexatious and harassing and violates the Court's directions at the parties' July

15, 2009 conference in that it purports to require Arista to admit or deny matters that (1) concern

a time period that is earlier than March 20, 1998 and (2) are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or deny this Request at this time and reserves any and all further objections it may have to the Request.

**REQUEST FOR ADMISSION NO. 27:**

Admit that You did not provide the Rollers with a Royalty Statement on or before March 1, 1987, for the period from July 1, 1986 to December 31, 1986.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that (1) concern a time period that is earlier than March 20, 1998 and (2) are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or deny this Request at this time and reserves any and all further objections it may have to the Request.

**REQUEST FOR ADMISSION NO. 28:**

Admit that You did not provide the Rollers with a Royalty Statement on or before September 1, 1987, for the period from January 1, 1987 to June 30, 1987.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July

-17-

15, 2009 conference in that it purports to require Arista to admit or deny matters that (1) concern a time period that is earlier than March 20, 1998 and (2) are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or deny this Request at this time and reserves any and all further objections it may have to the Request.

**REQUEST FOR ADMISSION NO. 29:**

Admit that You did not provide the Rollers with a Royalty Statement on or before March 1, 1988, for the period from July 1, 1987 to December 31, 1987.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that (1) concern a time period that is earlier than March 20, 1998 and (2) are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or deny this Request at this time and reserves any and all further objections it may have to the Request.

**REQUEST FOR ADMISSION NO. 30:**

Admit that You did not provide the Rollers with a Royalty Statement on or before September 1, 1988, for the period from January 1, 1988 to June 30, 1988.

**RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

In addition to its general objections, Arista specifically objects to this Request on the

grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that (1) concern a time period that is earlier than March 20, 1998 and (2) are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or deny this Request at this time and reserves any and all further objections it may have to the Request.

**REQUEST FOR ADMISSION NO. 31:**

Admit that You did not provide the Rollers with a Royalty Statement on or before March 1, 1989, for the period from July 1, 1988 to December 31, 1988.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that (1) concern a time period that is earlier than March 20, 1998 and (2) are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or deny this Request at this time and reserves any and all further objections it may have to the Request.

**REQUEST FOR ADMISSION NO. 32:**

Admit that You did not provide the Rollers with a Royalty Statement on or before September 1, 1989, for the period from January 1, 1989 to June 30, 1989.

**RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that (1) concern a time period that is earlier than March 20, 1998 and (2) are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or deny this Request at this time and reserves any and all further objections it may have to the Request.

**REQUEST FOR ADMISSION NO. 33:**

Admit that You did not provide the Rollers with a Royalty Statement on or before March 1, 1990, for the period from July 1, 1989 to December 31, 1989.

**RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that (1) concern a time period that is earlier than March 20, 1998 and (2) are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or deny this Request at this time and reserves any and all further objections it may have to the Request.

**REQUEST FOR ADMISSION NO. 34:**

Admit that You did not provide the Rollers with a Royalty Statement on or before

September 1, 1990, for the period from January 1, 1990 to June 30, 1990.

## RESPONSE TO REQUEST FOR ADMISSION NO. 34:

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that (1) concern a time period that is earlier than March 20, 1998 and (2) are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or deny this Request at this time and reserves any and all further objections it may have to the Request.

## REQUEST FOR ADMISSION NO. 35:

Admit that You did not provide the Rollers with a Royalty Statement on or before March 1, 1991, for the period from July 1, 1990 to December 31, 1990.

## RESPONSE TO REQUEST FOR ADMISSION NO. 35:

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that (1) concern a time period that is earlier than March 20, 1998 and (2) are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or deny this Request at this time and reserves any and all further objections it may have to the Request.

**REQUEST FOR ADMISSION NO. 36:**

Admit that You did not provide the Rollers with a Royalty Statement on or before September 1, 1991, for the period from January 1, 1991 to June 30, 1991.

**RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that (1) concern a time period that is earlier than March 20, 1998 and (2) are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim.  Arista, therefore, has no obligation to admit or deny this Request at this time and reserves any and all further objections it may have to the Request.

**REQUEST FOR ADMISSION NO. 37:**

Admit that You did not provide the Rollers with a Royalty Statement on or before March 1, 1992, for the period from July 1, 1991 to December 31, 1991.

**RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that (1) concern a time period that is earlier than March 20, 1998 and (2) are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim.  Arista, therefore, has no obligation to admit or deny this Request at this time and reserves any and all further objections it may have to the

Request.

**REQUEST FOR ADMISSION NO. 38:**

Admit that You did not provide the Rollers with a Royalty Statement on or before September 1, 1992, for the period from January 1, 1992 to June 30, 1992.

**RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that (1) concern a time period that is earlier than March 20, 1998 and (2) are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or deny this Request at this time and reserves any and all further objections it may have to the Request.

**REQUEST FOR ADMISSION NO. 39:**

Admit that You did not provide the Rollers with a Royalty Statement on or before March 1, 1993, for the period from July 1, 1992 to December 31, 1992.

**RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that (1) concern a time period that is earlier than March 20, 1998 and (2) are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or

deny this Request at this time and reserves any and all further objections it may have to the
Request.

**REQUEST FOR ADMISSION NO. 40:**

Admit that You did not provide the Rollers with a Royalty Statement on or before
September 1, 1993, for the period from January 1, 1993 to June 30, 1993.

**RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

In addition to its general objections, Arista specifically objects to this Request on the
grounds that it is vexatious and harassing and violates the Court's directions at the parties' July
15, 2009 conference in that it purports to require Arista to admit or deny matters that (1) concern
a time period that is earlier than March 20, 1998 and (2) are neither relevant to nor reasonably
calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to
Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or
deny this Request at this time and reserves any and all further objections it may have to the
Request.

**REQUEST FOR ADMISSION NO. 41:**

Admit that You did not provide the Rollers with a Royalty Statement on or before March
1, 1994, for the period from July 1, 1993 to December 31, 1993.

**RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

In addition to its general objections, Arista specifically objects to this Request on the
grounds that it is vexatious and harassing and violates the Court's directions at the parties' July
15, 2009 conference in that it purports to require Arista to admit or deny matters that (1) concern
a time period that is earlier than March 20, 1998 and (2) are neither relevant to nor reasonably
calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to

Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or deny this Request at this time and reserves any and all further objections it may have to the Request.

**REQUEST FOR ADMISSION NO. 42:**

Admit that You did not provide the Rollers with a Royalty Statement on or before September 1, 1994, for the period from January 1, 1994 to June 30, 1994.

**RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that (1) concern a time period that is earlier than March 20, 1998 and (2) are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or deny this Request at this time and reserves any and all further objections it may have to the Request.

**REQUEST FOR ADMISSION NO. 43:**

Admit that You did not provide the Rollers with a Royalty Statement on or before March 1, 1995, for the period from July 1, 1994 to December 31, 1994.

**RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that (1) concern a time period that is earlier than March 20, 1998 and (2) are neither relevant to nor reasonably

calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or deny this Request at this time and reserves any and all further objections it may have to the Request.

**REQUEST FOR ADMISSION NO. 44:**

Admit that You did not provide the Rollers with a Royalty Statement on or before September 1, 1995, for the period from January 1, 1995 to June 30, 1995.

**RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that (1) concern a time period that is earlier than March 20, 1998 and (2) are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or deny this Request at this time and reserves any and all further objections it may have to the Request.

**REQUEST FOR ADMISSION NO. 45:**

Admit that You did not provide the Rollers with a Royalty Statement on or before March 1, 1996, for the period from July 1, 1995 to December 31, 1995.

**RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that (1) concern

a time period that is earlier than March 20, 1998 and (2) are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or deny this Request at this time and reserves any and all further objections it may have to the Request.

**REQUEST FOR ADMISSION NO. 46:**

Admit that You did not provide the Rollers with a Royalty Statement on or before September 1, 1996, for the period from January 1, 1996 to June 30, 1996.

**RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that (1) concern a time period that is earlier than March 20, 1998 and (2) are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or deny this Request at this time and reserves any and all further objections it may have to the Request.

**REQUEST FOR ADMISSION NO. 47:**

Admit that You did not provide the Rollers with a Royalty Statement on or before March 1, 1997, for the period from July 1, 1996 to December 31, 1996.

**RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July

15, 2009 conference in that it purports to require Arista to admit or deny matters that (1) concern a time period that is earlier than March 20, 1998 and (2) are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim.  Arista, therefore, has no obligation to admit or deny this Request at this time and reserves any and all further objections it may have to the Request.

**REQUEST FOR ADMISSION NO. 48:**

Admit that You did not provide the Rollers with a Royalty Statement on or before September 1, 1997, for the period from January 1, 1997 to June 30, 1997.

**RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that (1) concern a time period that is earlier than March 20, 1998 and (2) are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim.  Arista, therefore, has no obligation to admit or deny this Request at this time and reserves any and all further objections it may have to the Request.

**REQUEST FOR ADMISSION NO. 49:**

Admit that You did not provide the Rollers with a Royalty Statement on or before March 1, 1998, for the period from July 1, 1997 to December 31, 1997.

**RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

In addition to its general objections, Arista specifically objects to this Request on the

grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that (1) concern a time period that is earlier than March 20, 1998 and (2) are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or deny this Request at this time and reserves any and all further objections it may have to the Request.

**REQUEST FOR ADMISSION NO. 50:**

Admit that You did not provide the Rollers with a Royalty Statement on or before September 1, 1998, for the period from January 1, 1998 to June 30, 1998.

**RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that (1) concern a time period that is earlier than March 20, 1998 and (2) are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or deny this Request at this time and reserves any and all further objections it may have to the Request.

**REQUEST FOR ADMISSION NO. 51:**

Admit that You did not provide the Rollers with a Royalty Statement on or before March 1, 1999, for the period from July 1, 1998 to December 31, 1998.

**RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or deny this Request at this time and reserves any and all further objections it may have to the Request.

**REQUEST FOR ADMISSION NO. 52:**

Admit that You did not provide the Rollers with a Royalty Statement on or before September 1, 1999, for the period from January 1, 1999 to June 30, 1999.

**RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or deny this Request at this time and reserves any and all further objections it may have to the Request.

**REQUEST FOR ADMISSION NO. 53:**

Admit that You did not provide the Rollers with a Royalty Statement on or before March 1, 2000, for the period from July 1, 1999 to December 31, 1999.

**RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or deny this Request at this time and reserves any and all further objections it may have to the Request.

**REQUEST FOR ADMISSION NO. 54:**

Admit that You did not provide the Rollers with a Royalty Statement on or before September 1, 2000, for the period from January 1, 2000 to June 30, 2000.

**RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or deny this Request at this time and reserves any and all further objections it may have to the Request.

**REQUEST FOR ADMISSION NO. 55:**

Admit that You did not provide the Rollers with a Royalty Statement on or before March 1, 2001, for the period from July 1, 2000 to December 31, 2000.

**RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or deny this Request at this time and reserves any and all further objections it may have to the Request.

**REQUEST FOR ADMISSION NO. 56:**

Admit that You did not provide the Rollers with a Royalty Statement on or before September 1, 2001, for the period from January 1, 2001 to June 30, 2001.

**RESPONSE TO REQUEST FOR ADMISSION NO. 56:**

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or deny this Request at this time and reserves any and all further objections it may have to the Request.

**REQUEST FOR ADMISSION NO. 57:**

Admit that You did not provide the Rollers with a Royalty Statement on or before March 1, 2002, for the period from July 1, 2001 to December 31, 2001.

**RESPONSE TO REQUEST FOR ADMISSION NO. 57:**

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or deny this Request at this time and reserves any and all further objections it may have to the Request.

**REQUEST FOR ADMISSION NO. 58:**

Admit that You did not provide the Rollers with a Royalty Statement on or before September 1, 2002, for the period from January 1, 2002 to June 30, 2002.

**RESPONSE TO REQUEST FOR ADMISSION NO. 58:**

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or deny this Request at this time and reserves any and all further objections it may have to the Request.

**REQUEST FOR ADMISSION NO. 59:**

Admit that You did not provide the Rollers with a Royalty Statement on or before March 1, 2001, for the period from July 1, 2000 to December 31, 2000.

**RESPONSE TO REQUEST FOR ADMISSION NO. 59:**

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or deny this Request at this time and reserves any and all further objections it may have to the Request.

**REQUEST FOR ADMISSION NO. 60:**

Admit that You did not provide the Rollers with a Royalty Statement on or before September 1, 2001, for the period from January 1, 2001 to June 30, 2001.

**RESPONSE TO REQUEST FOR ADMISSION NO. 60:**

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or deny this Request at this time and reserves any and all further objections it may have to the Request.

**REQUEST FOR ADMISSION NO. 61:**

Admit that You did not provide the Rollers with a Royalty Statement on or before March 1, 2002, for the period from July 1, 2001 to December 31, 2001.

**RESPONSE TO REQUEST FOR ADMISSION NO. 61:**

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or deny this Request at this time and reserves any and all further objections it may have to the Request.

**REQUEST FOR ADMISSION NO. 62:**

Admit that You did not provide the Rollers with a Royalty Statement on or before September 1, 2002, for the period from January 1, 2002 to June 30, 2002.

**RESPONSE TO REQUEST FOR ADMISSION NO. 62:**

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or deny this Request at this time and reserves any and all further objections it may have to the Request.

**REQUEST FOR ADMISSION NO. 63:**

Admit that You did not provide the Rollers with a Royalty Statement on or before March 1, 2003, for the period from July 1, 2002 to December 31, 2002.

**RESPONSE TO REQUEST FOR ADMISSION NO. 63:**

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or deny this Request at this time and reserves any and all further objections it may have to the Request.

**REQUEST FOR ADMISSION NO. 64:**

Admit that You did not provide the Rollers with a Royalty Statement on or before September 1, 2003, for the period from January 1, 2003 to June 30, 2003.

**RESPONSE TO REQUEST FOR ADMISSION NO. 64:**

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or deny this Request at this time and reserves any and all further objections it may have to the Request.

**REQUEST FOR ADMISSION NO. 65:**

Admit that You did not provide the Rollers with a Royalty Statement on or before March 1, 2004, for the period from July 1, 2003 to December 31, 2003.

**RESPONSE TO REQUEST FOR ADMISSION NO. 65:**

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or deny this Request at this time and reserves any and all further objections it may have to the Request.

**REQUEST FOR ADMISSION NO. 66:**

Admit that You did not provide the Rollers with a Royalty Statement on or before September 1, 2004, for the period from January 1, 2004 to June 30, 2004.

**RESPONSE TO REQUEST FOR ADMISSION NO. 66:**

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or deny this Request at this time and reserves any and all further objections it may have to the Request.

**REQUEST FOR ADMISSION NO. 67:**

Admit that You did not provide the Rollers with a Royalty Statement on or before March 1, 2005, for the period from July 1, 2004 to December 31, 2004.

**RESPONSE TO REQUEST FOR ADMISSION NO. 67:**

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or deny this Request at this time and reserves any and all further objections it may have to the Request.

**REQUEST FOR ADMISSION NO. 68:**

Admit that You did not provide the Rollers with a Royalty Statement on or before September 1, 2005, for the period from January 1, 2005 to June 30, 2005.

**RESPONSE TO REQUEST FOR ADMISSION NO. 68:**

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or deny this Request at this time and reserves any and all further objections it may have to the Request.

**REQUEST FOR ADMISSION NO. 69:**

Admit that You did not provide the Rollers with a Royalty Statement on or before March 1, 2006, for the period from July 1, 2005 to December 31, 2005.

**RESPONSE TO REQUEST FOR ADMISSION NO. 69:**

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or deny this Request at this time and reserves any and all further objections it may have to the Request.

**REQUEST FOR ADMISSION NO. 70:**

Admit that You did not provide the Rollers with a Royalty Statement on or before September 1, 2006, for the period from January 1, 2006 to June 30, 2006.

**RESPONSE TO REQUEST FOR ADMISSION NO. 70:**

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or deny this Request at this time and reserves any and all further objections it may have to the Request.

**REQUEST FOR ADMISSION NO. 71:**

Admit that You did not provide the Rollers with a Royalty Statement on or before March 1, 2007, for the period from July 1, 2006 to December 31, 2006.

**RESPONSE TO REQUEST FOR ADMISSION NO. 71:**

In addition to its general objections, Arista specifically objects to this Request on the

grounds that it is vexatious and harassing and violates the Court's directions at the parties' July

15, 2009 conference in that it purports to require Arista to admit or deny matters that are neither

relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to

whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim.  Arista, therefore,

has no obligation to admit or deny this Request at this time and reserves any and all further

objections it may have to the Request.

**REQUEST FOR ADMISSION NO. 72:**

Admit that You did not provide the Rollers with a Royalty Statement on or before

September 1, 2007, for the period from January 1, 2007 to June 30, 2007.

**RESPONSE TO REQUEST FOR ADMISSION NO. 72:**

In addition to its general objections, Arista specifically objects to this Request on the

grounds that it is vexatious and harassing and violates the Court's directions at the parties' July

15, 2009 conference in that it purports to require Arista to admit or deny matters that are neither

relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to

whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim.  Arista, therefore,

has no obligation to admit or deny this Request at this time and reserves any and all further

objections it may have to the Request.

**REQUEST FOR ADMISSION NO. 73:**

Admit that, by virtue of the 1981 Agreement, Clause 7 of the 1975 Agreement obligates

You to provide the Rollers with payments of accrued royalties ("Royalty Payments") on or

before the first day of September for each period ending the preceding June 30th, and on or

before the first day of March for each period ending the preceding December 31st.

**RESPONSE TO REQUEST FOR ADMISSION NO. 73:**

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or deny this Request at this time and reserves any and all further objections it may have to the Request. Arista further specifically objects to this Request on the grounds that it purports to require a legal conclusion and is vague, ambiguous and unintelligible in that the terms "accrued royalties" are undefined and susceptible of multiple interpretations.

**REQUEST FOR ADMISSION NO. 74:**

Admit that You did not provide the Rollers with a Royalty Payment on or before September 1, 1981, for the period from January 1, 1981 to June 30, 1981.

**RESPONSE TO REQUEST FOR ADMISSION NO. 74:**

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that (1) concern a time period that is earlier than March 20, 1998 and (2) are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or deny this Request at this time and reserves any and all further objections it may have to the Request.

**REQUEST FOR ADMISSION NO. 75:**

Admit that You did not provide the Rollers with a Royalty Payment on or before March 1, 1982, for the period from July 1, 1981 to December 31, 1981.

**RESPONSE TO REQUEST FOR ADMISSION NO. 75:**

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that (1) concern a time period that is earlier than March 20, 1998 and (2) are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or deny this Request at this time and reserves any and all further objections it may have to the Request.

**REQUEST FOR ADMISSION NO. 76:**

Admit that You did not provide the Rollers with a Royalty Payment on or before September 1, 1982, for the period from January 1, 1982 to June 30, 1982.

**RESPONSE TO REQUEST FOR ADMISSION NO. 76:**

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that (1) concern a time period that is earlier than March 20, 1998 and (2) are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or deny this Request at this time and reserves any and all further objections it may have to the

Request.

**REQUEST FOR ADMISSION NO. 77:**

Admit that You did not provide the Rollers with a Royalty Payment on or before March 1, 1983, for the period from July 1, 1982 to December 31, 1982.

**RESPONSE TO REQUEST FOR ADMISSION NO. 77:**

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that (1) concern a time period that is earlier than March 20, 1998 and (2) are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or deny this Request at this time and reserves any and all further objections it may have to the Request.

**REQUEST FOR ADMISSION NO. 78:**

Admit that You did not provide the Rollers with a Royalty Payment on or before September 1, 1983, for the period from January 1, 1983 to June 30, 1983.

**RESPONSE TO REQUEST FOR ADMISSION NO. 78:**

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that (1) concern a time period that is earlier than March 20, 1998 and (2) are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or

deny this Request at this time and reserves any and all further objections it may have to the Request.

**REQUEST FOR ADMISSION NO. 79:**

Admit that You did not provide the Rollers with a Royalty Payment on or before March 1, 1984, for the period from July 1, 1983 to December 31, 1983.

**RESPONSE TO REQUEST FOR ADMISSION NO. 79:**

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that (1) concern a time period that is earlier than March 20, 1998 and (2) are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or deny this Request at this time and reserves any and all further objections it may have to the Request.

**REQUEST FOR ADMISSION NO. 80:**

Admit that You did not provide the Rollers with a Royalty Payment on or before September 1, 1984, for the period from January 1, 1984 to June 30, 1984.

**RESPONSE TO REQUEST FOR ADMISSION NO. 80:**

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that (1) concern a time period that is earlier than March 20, 1998 and (2) are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to

Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or deny this Request at this time and reserves any and all further objections it may have to the Request.

**REQUEST FOR ADMISSION NO. 81:**

Admit that You did not provide the Rollers with a Royalty Payment on or before March 1, 1985, for the period from July 1, 1984 to December 31, 1984.

**RESPONSE TO REQUEST FOR ADMISSION NO. 81:**

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that (1) concern a time period that is earlier than March 20, 1998 and (2) are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or deny this Request at this time and reserves any and all further objections it may have to the Request.

**REQUEST FOR ADMISSION NO. 82:**

Admit that You did not provide the Rollers with a Royalty Payment on or before September 1, 1985, for the period from January 1, 1985 to June 30, 1985.

**RESPONSE TO REQUEST FOR ADMISSION NO. 82:**

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that (1) concern a time period that is earlier than March 20, 1998 and (2) are neither relevant to nor reasonably

calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or deny this Request at this time and reserves any and all further objections it may have to the Request.

**REQUEST FOR ADMISSION NO. 83:**

Admit that You did not provide the Rollers with a Royalty Payment on or before March 1, 1986, for the period from July 1, 1985 to December 31, 1985.

**RESPONSE TO REQUEST FOR ADMISSION NO. 83:**

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that (1) concern a time period that is earlier than March 20, 1998 and (2) are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or deny this Request at this time and reserves any and all further objections it may have to the Request.

**REQUEST FOR ADMISSION NO. 84:**

Admit that You did not provide the Rollers with a Royalty Payment on or before September 1, 1986, for the period from January 1, 1986 to June 30, 1986.

**RESPONSE TO REQUEST FOR ADMISSION NO. 84:**

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that (1) concern

a time period that is earlier than March 20, 1998 and (2) are neither relevant to nor reasonably

calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to

Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or

deny this Request at this time and reserves any and all further objections it may have to the

Request.

**REQUEST FOR ADMISSION NO. 85:**

Admit that You did not provide the Rollers with a Royalty Payment on or before March

1, 1987, for the period from July 1, 1986 to December 31, 1986.

**RESPONSE TO REQUEST FOR ADMISSION NO. 85:**

In addition to its general objections, Arista specifically objects to this Request on the

grounds that it is vexatious and harassing and violates the Court's directions at the parties' July

15, 2009 conference in that it purports to require Arista to admit or deny matters that (1) concern

a time period that is earlier than March 20, 1998 and (2) are neither relevant to nor reasonably

calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to

Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or

deny this Request at this time and reserves any and all further objections it may have to the

Request.

**REQUEST FOR ADMISSION NO. 86:**

Admit that You did not provide the Rollers with a Royalty Payment on or before

September 1, 1987, for the period from January 1, 1987 to June 30, 1987.

**RESPONSE TO REQUEST FOR ADMISSION NO. 86:**

In addition to its general objections, Arista specifically objects to this Request on the

grounds that it is vexatious and harassing and violates the Court's directions at the parties' July

15, 2009 conference in that it purports to require Arista to admit or deny matters that (1) concern a time period that is earlier than March 20, 1998 and (2) are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or deny this Request at this time and reserves any and all further objections it may have to the Request.

**REQUEST FOR ADMISSION NO. 87:**

Admit that You did not provide the Rollers with a Royalty Payment on or before March 1, 1988, for the period from July 1, 1987 to December 31, 1987.

**RESPONSE TO REQUEST FOR ADMISSION NO. 87:**

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that (1) concern a time period that is earlier than March 20, 1998 and (2) are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or deny this Request at this time and reserves any and all further objections it may have to the Request.

**REQUEST FOR ADMISSION NO. 88:**

Admit that You did not provide the Rollers with a Royalty Payment on or before September 1, 1988, for the period from January 1, 1988 to June 30, 1988.

**RESPONSE TO REQUEST FOR ADMISSION NO. 88:**

In addition to its general objections, Arista specifically objects to this Request on the

grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that (1) concern a time period that is earlier than March 20, 1998 and (2) are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or deny this Request at this time and reserves any and all further objections it may have to the Request.

**REQUEST FOR ADMISSION NO. 89:**

Admit that You did not provide the Rollers with a Royalty Payment on or before March 1, 1989, for the period from July 1, 1988 to December 31, 1988.

**RESPONSE TO REQUEST FOR ADMISSION NO. 89:**

In addition to its general objections, Arista specifically objects to this Request on the grounds that it is vexatious and harassing and violates the Court's directions at the parties' July 15, 2009 conference in that it purports to require Arista to admit or deny matters that (1) concern a time period that is earlier than March 20, 1998 and (2) are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence as to whether GOL 17-101 applies to Plaintiffs' purported breach of contract claim. Arista, therefore, has no obligation to admit or deny this Request at this time and reserves any and all further objections it may have to the Request.

**REQUEST FOR ADMISSION NO. 90:**

Admit that You did not provide the Rollers with a Royalty Payment on or before September 1, 1989, for the period from January 1, 1989 to June 30, 1989.