UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ERIC FAULKNER, DUNCAN FAURE,
ALAN LONGMUIR, DEREK LONGMUIR,
LESLIE MCKEOWN and STUART WOOD,

                  Plaintiffs,

-against-

ARISTA RECORDS LLC,

                  Defendant.

07 Civ. 2318 (LAP) (AJP)

ECF Case

ORAL ARGUMENT REQUESTED

---

**ARISTA RECORDS LLC'S MEMORANDUM OF LAW
<u>IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE</u>**

MANATT, PHELPS & PHILLIPS, LLP
Robert A. Jacobs
Prana A. Topper
7 Times Square, 23rd Floor
New York, New York 10110
(212) 790-4500

*Attorneys for Arista Records LLC*

Defendant Arista Records LLC ("Arista") respectfully submits this memorandum of law in opposition to plaintiffs' Motion to Strike (Docket Nos. 137 & 138) ("Motion").[1]

## Preliminary Statement

Plaintiffs' Motion is an improper attempt to skirt summary judgment by (i) baselessly attacking communications between the parties – most of which <u>plaintiffs produced during discovery</u> – on supposed authenticity grounds, and (ii) making incorrect evidentiary objections based on hearsay and lack of personal knowledge, which must be rejected outright. Plaintiffs are grasping at straws and, even worse, improperly seek to exploit the evidentiary impact of their decision to delay filing suit for more than thirty years. All of the evidence presented by Arista is admissible and the Court should deny plaintiffs' meritless motion.[2]

## Argument

### I.   PLAINTIFFS' AUTHENTICATION ARGUMENTS ARE DISINGENUOUS AND INCORRECT.

Plaintiffs argue that the Court should strike nine documents (Exs. 5, 6, 7, 8, 10, 12, 14, 15 and 17) and thirteen paragraphs referencing these documents in Arista's Local Rule 56.1 Statement (¶¶ 4, 7, 25, 26, 27, 28, 29, 35, 37, 38, 41, 42 and 44) because defendant "failed properly to authenticate them." (Motion at 6) This argument is disingenuous: plaintiffs have no good faith basis to challenge the documents' authenticity and, in doing so, are wasting the Court's and Arista's resources.[3] The Court can consider all of the documents at issue because, as set forth

---

[1] The citation conventions used herein and in the accompanying Attachments are set forth in the Table of Citation Form and Abbreviations in the accompanying Memorandum of Law in Further Support of Defendant Arista Records LLC's Motion for Partial Summary Judgment and in Opposition to Plaintiffs' Motion for Partial Summary Judgment ("Arista's Memorandum").

[2] Moreover, even if the Court were to disregard the documents and paragraphs plaintiffs have questioned on authenticity grounds and not consider the purported identified hearsay for the truth of the matter asserted – and it certainly should not – Arista would still be entitled to partial summary judgment because plaintiffs remain unable to meet their burden under GOL 17-101 based on the remaining undisputed record.

[3] Plaintiffs' reliance on language in <u>Dedyo v. Baker Eng'g New York, Inc.</u>, No. 96-7152, 1998

in Attachment A and immediately below, more than sufficient evidence exists in the undisputed record to authenticate them.[4]

First, plaintiffs fail to advise the Court that they produced during discovery six of the nine documents to which they object.  (See Exs. 5, 6, 8, 10, 12 and 14.)  "It is disingenuous and wasteful for plaintiff to object that its own documents are not authenticated, and thus inadmissible at trial and on summary judgment."  Commercial Data Servers, Inc. v. IBM, 262 F. Supp. 2d 50, 60 (S.D.N.Y. 2003); see also id. at 58 n.3 ("In this Court's experience, it is unprecedented to have reputable counsel (or any counsel, for that matter) challenge the authenticity of deposition transcripts, discovery responses, and documents produced from his client's files.")  Since plaintiffs produced these documents during discovery, they have provided an "implicit guarantee of authenticity" and "[i]t is disingenuous for [them] to dispute the document[s'] authentication without proffering some basis for questioning it."  U.S. Info. Sys. v. IBEW Local Union No. 3, No. 00-4763, 2006 U.S. Dist. LEXIS 52938 at *17-18 (S.D.N.Y. Aug. 1, 2006).  This plaintiffs cannot do.

Second, plaintiffs also fail to advise the Court that William Sobel, the corporate representative of the Edelstein firm, was unable to testify about any correspondence sent to or

_____

WL 9376, at * 4 (S.D.N.Y. Jan. 13, 1998) that "documents must be properly authenticated in order to be considered by the Court at summary judgment stage, in the face of an objection," when plaintiffs have not and cannot proffer any actual objection to the documents, is to no avail. (Emphasis added.)

[4] Moreover, since Arista can certainly present further evidence to authenticate these documents at trial should plaintiffs persist in their attacks (including by locating former employees to confirm the authenticity of the documents at issue), the Court has discretion to consider these documents now.  See, e.g., Am. Ref-Fuel Co. of Niagara, LP v. Gensimore Trucking, Inc., No. 02-814C, 2007 WL 2743449, at *3 n.3 (W.D.N.Y. Sept. 18, 2007) ("[I]n determining whether genuine issues of fact exist for trial, the court has the discretion to consider unauthenticated or otherwise objectionable evidence where it is apparent that the party may be able to authenticate and establish the admissibility of those documents at trial . . . . Here, . . . there is nothing . . . to suggest that plaintiff will not have the opportunity to establish the authenticity and admissibility of [the contested] evidence at trial.").

received by Gerald F. Edelstein (<u>see</u>, <u>e.g.</u>, Exs. 3, 4, 10 and 12) because Edelstein had a heart attack in 1990 and a subsequent heart transplant that left him with virtually no recollection of any BCR matters.  (See Ex. 68, Sobel Tr. at 74:10-75:19, 117:21-118:18, 120:3-25.)  Plaintiffs should not be able to exploit this reality; nor should Arista be forced to expend resources unnecessarily to locate various former employees to reconfirm the authenticity of the letters at issue, especially because plaintiffs have not put forward a single piece of evidence actually calling their authenticity into question.

    <u>Third</u>, Federal Rule of Evidence 901 "does not erect a particularly high hurdle, and that hurdle may be cleared by circumstantial evidence."  <u>United States v. Chin</u>, 371 F.3d 31, 37 (2d Cir. 2004) (quotations and citation omitted); <u>see</u> <u>also</u> Fed. R. Evid. 901(a) (the requirement of Rule 901 "is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.").  Under Rule 901(b)(4), authentication is provided by "appearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with the circumstances."[5]  <u>See also</u> <u>United States v. Maldonado-Rivera</u>, 922 F.2d 934, 957-58 (2d Cir. 1990) (upholding a determination of authenticity where "there was strong evidence," including that document at issue had a "logo that was indistinguishable from the . . . logo that appeared on other documents whose authenticity was not challenged."); <u>Air Land Forwarders, Inc. v. United States</u>, 38 Fed. Cl. 547, 554 (1997) ("[T]he challenged exhibits were sufficiently authenticated . . . the contents of the documents affirm their authenticity . . . the estimates refer to the damaged property at issue, were contemporaneously created, signed by an estimator, written on letterhead, and addressed to the service member.") (citing Fed. R. Evid. 901(b)(4)).[6]  As set forth in

---

[5] Arista need not "rule out all possibilities inconsistent with authenticity, or to prove beyond any doubt that the evidence is what it purports to be," but rather need only introduce sufficient proof so that a reasonable juror could find in favor of authenticity.  <u>Chin</u>, 371 F.3d at 37-38.  Also, testimony of the subscribing witness is not necessary.  <u>See</u> Fed. R. Evid. 903.

[6] Plaintiffs also ignore that the vast majority of the documents at issue can be authenticated under

Attachment A, all of the documents that plaintiffs purport to challenge satisfy this standard.

Fourth, plaintiffs' attempt to manufacture an authenticity challenge based on the fact that these documents – all of which were produced during discovery – were attached to counsel's declaration is unfounded.  "It is well established that an attorney's affidavit can be used, in connection with a summary judgment motion, to place documents produced in discovery before the Court."  Harrison-Hoge Indus., Inc. v. Panther Martin S.R.L., No. 05-2851, 2008 U.S. Dist. LEXIS 25480, at *80 (E.D.N.Y. Mar. 31, 2008) ("it is clear that the purpose of [counsel's] declaration is to place documents in discovery before the Court (most of which plaintiff does not contest) and there is no basis to strike [that] declaration or the accompanying exhibits").[7]  Thus, Arista's presentation of the documents through counsel's declaration is entirely proper.

## II.    PLAINTIFFS' HEARSAY OBJECTIONS MISS THE POINT AND DISREGARD THE FEDERAL RULES OF EVIDENCE.

Plaintiffs' argument that the Court should strike six documents (Exs. 26, 34, 40, 44, 45 and 46) and eighteen paragraphs referencing these documents in Defendant's Local Rule 56.1 Statement (¶¶ 21, 22, 25, 26, 28, 33, 39, 45, 61, 63, 64, 65, 66, 67, 81, 82, 83 and 99) because they

---

Rule 901(b)(8) – and satisfy the exception to hearsay under Rule 803(16) – because they are over 20 years old, nothing about their condition creates suspicion as to their authenticity, and they were found where one would expect, i.e., in plaintiffs' and/or Arista's possession.  See, e.g., George v. Celotex Corp., 914 F.2d 26, 30 (2d Cir. 1990); Astra Antiebolag v. Andrx Pharm., Inc., 222 F. Supp. 2d 423, 574-75 (S.D.N.Y. 2002) (the requirements of Rule 901(b)(8) may be met by circumstantial evidence and finding documents admissible); New York v. Westwood-Squibb Pharm. Co., 981 F. Supp. 768, 780 (W.D.N.Y. 1997) (document found in company archives among similar records admissible).

[7] See also United States v. Letscher, 83 F. Supp. 2d 367, 381 (S.D.N.Y. 1999) ("[I]t is usual for counsel to put documents before the Court on summary judgment motions as enclosures to counsel's affidavit."); Owens-Corning Fiberglas Corp. v. U.S. Air, 853 F. Supp. 656, 663 (E.D.N.Y. 1994) ("[B]ecause the clear function of [counsel's] Affidavit is to identify and introduce into evidence the exhibits annexed thereto, the purposes underlying Rule 56(e) – to safeguard and legitimate the evidence used to decide a motion for summary judgment – are not disserved by considering [counsel's] Affidavit on this motion.")  Plaintiffs' citation to Aspect Group v. Movietickets.com, Inc., No. 05-3125 SFEX, 2006 WL 5894608, at *2 (C.D. Cal. Jan. 24, 2006) – an out of jurisdiction case concerning the authentication of "an extract from a deposition . . . [that] has no reporter's certification and [where] the names of the deponent and action are missing" – makes no sense.

contain hearsay is utterly baseless. [8]  Plaintiffs' hearsay challenges must be rejected for the myriad

reasons set forth below and in Attachment B.

First, in a last-ditch effort to support their papers, plaintiffs seek to exclude statements in

the very documents on which they rely – Glenn Delgado's letter to Mark St. John dated November

1, 2001 and Steve Gawley's email to Jane Preston dated April 6, 2004. [9]  Regardless of whether

these statements are accurate (and they are), they clearly reflect Delgado's and Gawley's

understanding, state of mind and intention and, therefore, are admissible under Federal Rule of

Evidence 803(3).  The intention reflected in the statements is undisputed and central to the Court's

GOL 17-101 inquiry.  See, e.g., In re Brill, 318 B.R. 49, 54 (Bankr. S.D.N.Y. 2004) ("In

determining the effectiveness of an acknowledgment, the critical determination is whether the

acknowledgment imports an intention to pay.") (internal quotations & citations omitted.)

Second, plaintiffs' attempt to strike the testimony of Wade Leak because he supposedly

"does not have personal knowledge" is disingenuous at best.  Plaintiffs fail to advise the Court that

Leak testified as an Arista corporate representative pursuant to Federal Rule of Civil Procedure

30(b)(6).  (Ex. 64, Leak Tr. at 25:14-16; Ex. 76.)  "Because Rule 30(b)(6) witnesses testify on the

corporation's behalf, courts routinely hold that such deponents need not have personal knowledge

on a given subject, so long as they are able to convey the information known to the corporation."

Gucci Am., Inc. v. Ashley Reed Trading, Inc., No. 00-6041, 2003 U.S. Dist. LEXIS 18062, at *10

---

[8] The Court certainly can consider admissible testimony contained in the portions of the deposition transcripts submitted by both parties.  See Fed. R. Civ. P. 56(c)(2) ("The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.") (Emphasis added); Commercial Data Servers, 262 F. Supp. 2d at 59 ("[d]epositions are expressly recognized by Fed. R. Civ. P. 56(c) as relevant to consideration of a summary judgment motion").

[9] Arista submits arguments concerning the admissibility of Delgado's November 2001 letter (Ex. 26) and the Gawley Email (Ex. 34) in the event that the Court decides to consider those documents over Arista's objections pursuant to Federal Rule of Evidence 402 and 408, as set forth in Arista's Memorandum, Part I.A.1 and Part I.A.2.

(S.D.N.Y. Oct. 10, 2003) (denying motion to strike deposition testimony submitted in support of summary judgment motion) (internal citation and quotation omitted).[10]  This is precisely what Leak did and plaintiffs cannot show otherwise.  Plaintiffs, therefore, have no basis to challenge his testimony.

Third, plaintiffs' attacks on the testimony of Delgado, Gawley and Zizza are similarly baseless.  Not only did each of these witnesses testify both in their individual capacity and as Arista's corporate representatives (Ex. 78), but plaintiffs' argument that they lack personal knowledge to testify about the meaning of communications they drafted or helped prepare, along with their understanding of events set forth in those communications, is totally illogical.  Not only does plaintiffs' reductionist argument disregard the specific nature of the testimony they seek to exclude, but, in view of the nature of this dispute, plaintiffs' apparent position that Delgado, Gawley and Zizza (and Leak) cannot have an understanding of events that took place when they were not employed by Arista is patently absurd.  The record incontrovertibly shows that each of these witnesses had extensive involvement in the company's dispute with BCR over the years. (Ex. 64, Leak Tr. at 15:17-20 (involved for more than five years); Ex. 67, Zizza Tr. at 27:13-5 (primary lawyer at Arista dealing day-to-day with BCR matters); Ex. 66, Delgado Tr. at 43:3-44:1 (worked on BCR matters for years); Ex. 65, Gawley Tr. at 18:5-19:1 (Delgado reported directly to Gawley).

---

[10] See also Philbrick v. eNom, Inc., 593 F. Supp. 2d 352, 365 (D.N.H. 2009) (denying motion to strike declaration of 30(b)(6) witness and noting that plaintiffs could not provide any authority to support their "exceedingly strict view of the personal knowledge requirement in this context."); Harrison-Hoge Indus., 2008 U.S. Dist. LEXIS 25480, at *82  (denying motion to strike declaration in support of summary judgment and stating "[i]t is axiomatic that a corporate representative may testify and submit affidavits based on knowledge gained from a review of corporate books and records."); Hijeck v. Menlo Logistics, Inc., No. 3:07-0530, 2008 U.S. Dist. LEXIS 12886, at *9-11 (N.D. Tex. Feb. 21, 2008) (denying motion to strike affidavit of 30(b)(6) witness and stating that corporate representative did not need to have "direct, personal knowledge of each and every fact discussed in her affidavit or her deposition" and can also testify to "the subjective beliefs and opinions of the corporation").

Fourth, plaintiffs' argument regarding statements contained in plaintiff Leslie McKeown's book is specious.  These statements are plainly admissible as admissions by a party-opponent under Federal Rule of Evidence 801(d)(2).

## Conclusion

For all of the foregoing reasons, Arista respectfully requests that the Court deny plaintiffs' Motion to Strike.

Dated:  New York, New York          MANATT, PHELPS & PHILLIPS, LLP
        April 30, 2010


                                   By:___/s/ Robert A. Jacobs_____
                                      Robert A. Jacobs
                                      Prana A. Topper
                                      7 Times Square
                                      New York, NY 10036
                                      Telephone:  (212) 790-4500
                                      Facsimile:  (212) 790-4545
                                      Email:  rjacobs@manatt.com
                                      Email:  ptopper@manatt.com

                                   *Attorneys for Defendant Arista Records LLC*

**ATTACHMENT A:  Authenticity**

CONFIDENTIAL – FILED UNDER SEAL

**ATTACHMENT A:  Authenticity**

CONFIDENTIAL – FILED UNDER SEAL

**ATTACHMENT A:  Authenticity**

CONFIDENTIAL – FILED UNDER SEAL

**ATTACHMENT A:  Authenticity**

CONFIDENTIAL – FILED UNDER SEAL

**ATTACHMENT B:  Hearsay**

CONFIDENTIAL – FILED UNDER SEAL

**ATTACHMENT B:  Hearsay**

CONFIDENTIAL – FILED UNDER SEAL